In the Matter of the Claim of PAUL MATTHEWS, Respondent, *v.* MARINE TRANSPORT LINES INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 31, 1967.

*Bernard F. Farley* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Markhoff, Gottlieb & Harkins* for claimant-respondent.

GIBSON, P. J. Appeal is taken from a decision awarding for disability caused by back injuries sustained in a street fall, appellants contending that the accident did not arise out of and in the course of the employment.

Claimant, an engineer, was hired in 1962 as an inspector in the employer's business of ship construction, maintenance and repair; and in the course of his employment during the ensuing two years was required to travel from New York to various ports in the United States at which the employer's ships called and during this period, also, performed the same kind of work in Europe for a period of nine months. In 1964, he was assigned for an indefinite period to similar duties in Japan and five months after his arrival there sustained the injuries here involved. The accident occurred in Nagasaki, in the evening, after he and his wife, having gone to a hotel for dinner and then to shop for American-type food unobtainable in their neighborhood, were returning to their apartment and, after alighting from a bus, were proceeding on an unlighted street, upon which claimant tripped and fell.

As the employer's vice-president and its personnel manager each testified, claimant's work was supervised directly and exclusively from the employer's New York office. His inspection duties were performed not only at the site of the shipbuilding operation in the shipyard at Nagasaki but elsewhere " throughout Japan * * * in at least 10 places ", including Tokyo, Kobe and Sasebo, and some at very considerable distances, where subcontracts were in progress for parts and materials necessary to the ship construction at Nagasaki. Claimant was

paid a salary of $1,083 per month. In the United States, in addition, all of his travel expenses were paid; but in Japan the employer paid not only all transportation and like expenses of his inspection trips within that country but paid, also, during the entire period of his overseas assignment, the sum of $16 per day as a subsistence allowance, applicable, as claimant testified, to the cost of his apartment, food and utilities.

We find the case within the rule that " an employee traveling at a distance from his home in the business of the employer is deemed within the area of employment if injured in his normal activities." (*Matter of Schreiber* v. *Revlon Prods. Corp.,* 5 A D 2d 207, 208.) As was said in a later case: " Where an employer sends an employee away from home it has been held that the test as to whether specific activities are considered to be within the scope of employment or purely personal activities is the reasonableness of such activities." (*Matter of Fleer* v. *Glens Falls Ins. Co.,* 16 A D 2d 186, 188, mot. for lv. to app. den. 11 N Y 2d 646; and, see *Matter of Davis* v. *Newsweek Mag.,* 305 N. Y. 20, 28.) In *Schreiber* (*supra*), as here, claimant was injured on falling to the street, while returning from an evening meal at a restaurant. In another case, claimant was fatally injured on a 10-mile journey from his motel to a restaurant more pleasant than those nearby and we found reasonable his " relatively short journey to obtain his evening meal and some incidental relaxation." (*Matter of Kohl* v. *International Harvester Co.,* 9 A D 2d 597, 598.) It is true that in *Schreiber* and *Kohl* the claimants were transient hotel or motel guests; but although in this case the claimant's sojourn in Nagasaki was doubtless of considerably longer duration, it was temporary nevertheless and, as in the other cases, was wholly or partly at the employer's expense. Despite the longer sojourn in this case, the rule should be as readily applied because the claimant's stay was in a distant country, far from home (see *Matter of Silfvernagel* v. *Swedish Amer. Line Agency,* 26 A D 2d 858, mot. for lv. to app. den. 19 N Y 2d 577; *Matter of Markoholz* v. *General Elec. Co.,* 13 N Y 2d 163), with at least some of the difficulties inherent in any alien environment and in local customs and facilities. These factors render reasonable by way of accommodation and relaxation, and thus attributable to the employment, some activities which at home might be found so personal as to be without the contemplation of the employment contract. Here, for example, foods agreeable to American tastes or habits were not readily available, particularly in the Nagasaki area, according to claimant, where, as he said, " you don't have neighborhood grocery stores [and] may

go five, six miles and spend hours looking for something that the usual American * * * could consume." It was from such a shopping trip, following a hotel dinner, that claimant was returning when he fell in a street devoid of illumination. Under these circumstances, the subsistence arrangement whereby claimant was paid $16 per day, became a clear and unmistakable nexus between the accident and the employment, and this aside from, and additional to the other factors which related them. (Cf. *Matter of Lane* v. *Fort Neck Dredging Co.*, 28 A D 2d 949; *Matter of Fisher* v. *Otis Elevator Co.*, 28 A D 2d 598.)

The decision should be affirmed, with costs to the Workmen's Compensation Board.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.